IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA MEDFORD, an individual; <br> GREENTECH INVESTMENTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF OKLAHOMA, ex rel. <br> Allan Grubb/Adam Panter, <br> District Attorney in and for <br> Pottawatomie County; <br> ALLAN GRUBB, an individual; <br> ADAM PANTER, an individual; <br> WILLIAM WHEELER, an individual; <br> PRESTON COX, an individual, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.  CIV-25-00340-JD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

On March 21, 2025, Defendants Adam Panter and William Wheeler removed this action from the District Court of Pottawatomie County, Oklahoma, Case No. CJ-2024-159, based on 42 U.S.C. § 1983 claims alleged in Plaintiffs' state court petition. [Doc. No. 1]. In addition to the § 1983 claims, Plaintiffs alleged state claims for replevin and negligence. *See* [Doc. No. 1-12].

Now before the Court are Plaintiffs' voluntary dismissal with prejudice of Plaintiffs' § 1983 claims under Federal Rule of Civil Procedure 41 [Doc. No. 5] and Defendants State of Oklahoma ex rel. Allan Grubb/Adam Panter, District Attorney in and for Pottawatomie County, Adam Panter, and William Wheeler's Motion to Remand [Doc. No. 8]. Plaintiffs seek to dismiss with prejudice the federal claims forming the basis of

Defendants' removal, and Defendants seek to remand the action to Pottawatomie County. Plaintiffs are unopposed to the remand and contend remand is proper. *See* [Doc. No. 9].

First, the Court considers what to do with Plaintiffs' notice of dismissal of claims. Rule 41 speaks to the dismissal of actions, not claims. *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (explaining that plaintiff could not voluntarily dismiss one of its claims because Rule 41(a) "speaks to dismissal of an action, not just a claim within an action"); 3 James Wm. Moore et al., Moore's Federal Practice - Civil § 15.16[6] (3d ed. 2024) ("When a party seeks to voluntarily dismiss some, rather than all, of the claims in a multi-count complaint, Rule 41(a) does not apply. Rather, a court should consider the motion to be a request for leave to amend under Rule 15.").

Given the parties conferred and the dismissal of the federal claims is unopposed, the Court will construe the dismissal as a request for leave to amend to eliminate the federal claims and the Court will deem Plaintiffs' governing complaint amended to reflect the deletion of the § 1983 claims with prejudice. *See Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) (deeming complaint amended to delete claim with prejudice); *cf.* Fed. R. Civ. P. 16(c)(2)(A)–(B) (providing that at pretrial, court may consider and take appropriate action on simplifying the issues, eliminating frivolous claims or defenses, and amending the pleadings *if necessary or desirable*) (emphasis added).

Second, the Court considers whether to remand the action. The United States Supreme Court's recent unanimous opinion, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), dictates that this Court remand the action here.

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.
>
> . . . .
>
> On top of § 1367, a panoply of procedural rules shows that a post-removal amendment excising all federal claims destroys federal jurisdiction. Under those rules, the presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading. By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority. And so it is here. When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

*Id.* at 30, 39.

In conclusion, the Court construes Plaintiffs' notice of voluntary dismissal as a request to amend their complaint and deems the governing complaint amended to dismiss the § 1983 claims with prejudice against Defendants. In accordance with the Supreme Court's unanimous decision in *Wullschleger*, the Court concludes that Plaintiffs' "deletion of all federal claims deprive[s] [this Court] of federal-question jurisdiction," thereby dissolving the Court's supplemental jurisdiction over the state claims as well. *See id.* at 44. Thus, the Court grants the Motion to Remand and remands this action to the District Court of Pottawatomie County, Oklahoma. Neither side has sought fees or costs, and the Court declines to impose them here.

IT IS SO ORDERED this 31st day of March 2025.

                                                       JODI W. DISHMAN
                                                     UNITED STATES DISTRICT JUDGE

4